# 05 CV 9780

## CIVIL RIGHTS COMPLAINT
### 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**JUDGE MUKASEY**

**05 5850**

**GERSHON, J**

-------------------------------------------------------X

PATRICK R.HARRISON, a/k/a Peter Thomas
ID# .9006500238

        Plaintiff,

    -against-

**JURY TRIAL DEMAND
YES X**

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT, ET. AL.,
P. O. DAVID TERRELL (77th Precinct),
"ARRESTING OFFICER" (Red-haired/77th Pct),
P. O. ROBERT L. SIMMS (77th Precinct),
P. O. Sgt. FRANQUI (77th Precinct),
ADA MINERVA JOHN-STULL,
ADA VALERIE L. FORBES,
DA CHARLES J. HYNES,.
LEGAL AID SOCIETY,
NICOLE M. MULL, Attorney,
SPENCER A. LEEDS, Esq.,
SHERYL L.PARKER, J.S.C.,
ADA MARIA SCIORTINO,
MR. GORFINKEL, Attorney,

        Defendants.

**BLOOM, M.J.**

**Doc # 2**

-------------------------------------------------------X

I.   **Previous Lawsuits:**

    There have been no previous lawsuits filed in state or federal
    court dealing with the same facts involved in this action
    or otherwise relating to imprisonment.

II.  **Place of Present Confinement:**

    Otis Bantum Correction Center,[Rikers Island]
    1600 Hazen Street, E. Elmhurst, NY 11370

III. **Parties:**

    A. Plaintiff:  Partick R. Harrison, A/K/A Peter Thomas
                 #900-05-00238; Otis Bantum Correction Center
                 1600 Hazen St, E. Elmhust, NY 11370
                 Residence: 526 Ralph Avenue, Brooklyn, NY 11233

    B. Defendants: 1) City of New York, NYC Corp. Counsel
                   100 Church St, New York, NY 10007
              2) New York Police Department
                  1 Police Plaza, New York, NY 10038


RECEIVED
SEP 27 2005
PRO SE OFFICE

3) David Terrell, Officer, N.Y.P.D.
   77th Precinct
   127 Utica Avenue, Brooklyn, NY

4) Arresting Officer, "Red-Head"
   (Gang, Gun, and Drug Unit), N.Y.P.D.
   77th Precinct
   127 Utica Avenue, Brooklyn, NY

5) Robert L. Simms, Officer, N.Y.P.D.
   Shield No. 13057, 77th Precinct
   127 Utica Avenue, Brooklyn, NY

6) Legal Aid Society
   Criminal Defense Division
   111 Livingston St, Brooklyn, NY 11201

7) Nicole M. Mull, Attorney
   Legal Aid Society
   111 Livingston St, Brooklyn, NY 11201

8) Spencer A. Leeds, Esq.
   401 Broadway, Suite 1212
   New York, NY 10013

9) Mr. Gorfinkel, Attorney
   Legal Aid Society
   111 Livingston St, Brooklyn, NY 11201

10) Sheryl L. Parker, J.S.C.
    Kings County Supreme Court, Part 30
    320 Jay Street, Brooklyn, NY 11201

11) Minerva John-Stull, ADA
    Kings County Office of the DA
    Renaissance Plaza
    350 Jay Street, Brooklyn, NY 11201

12) Maria Sciortino, ADA
    Kings County Office of the DA
    Renaissance Plaza
    350 Jay Street, Brooklyn, NY 11201

13) Valérie L. Forbes, ADA
    Kings County Office of the DA
    Renaissance Plaza
    350 Jay Street, Brooklyn, NY 11201

14) Charles J. Hynes, District Attorney
    Kings County Office of the DA
    Renaissance Plaza
    350 Jay Street, Brooklyn, NY 11201

15) Sgt. Franqui, Officer, N.Y.P.D.
    77th Precinct
    127 Utica Avenue, Brooklyn, NY

## IV.   Statement of Claim:

1. City of New York: Liability for the illegal acts of all New York City employees or those on the City payroll. For false arrest, malicious prosecution, and intentional affliction of emotional distress.

2. New York Police Department: The 77th Command did not follow standard operating procedures with respect to alleged "burglary sting operation." The Police deviated so eregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures. No verifiable sting operation existed in this case where police is only attempting to cover up an illegal entry, search, seizure, and arrest of plaintiff.(42 USC §§ 1983, 1985, and 1981). NYPD policy makers have installed a policy whereby it has permitted its officers to conduct investigations, ie,"sting operations" that target minority communities, primarily consisting of people of Black and Hispanic Origin, whereby they approach people randomly and without probable cause. Their approach is to offer for sale some item of value for which they are willing to take a ridiculously low sum of money. After said item is purchased the police would return, arrest the buyer for "(alleged) stolen property", illegally, search his home, and file any other charges they deem appropriate. This is Racial Profiling.

3. Officer David Terrell: Officer approached the plaintiff, whom he told that he was "hungry" and that he needed to sell his X-Box in order to buy food for himself and his children. Plaintiff, finally relented after such persuasion, purchasing the used X-Box for $31. Plaintiff was thereby entrapped by Officer Terrell who was using the NYPD-directed policy of "racial profiling" as a prelude to violating plainitff's civil rights, ie., illegal entry, search, seizure and arrest. Afterwards, Officer Terrell offers no material evidence to substantiate a claim of probable cause by saying, merely that he repeatedly told plaintiff, a complete stanger, that he was selling a used "solen X-Box," which he stole from an apartment.

4. "Arresting Officer" (Red-head): This officer, with the distinct features of a natural red-head, whom I will never forget and can easily identify, was the officer who cmae to my home, requested to speak with me, forced entry (backed up by at least 4 or 5 other officers) at approximately 1:40pm. They searched my house, inlcuding my basement apartment, immediately. This officer handcuffed me, put me in the police car and rode adjacent to me to the 77th Precinct and took part in the two interrogations. This officer did violate plainitff's civil rights in entering, searching, seizing property at 526 Ralph Ave., and illegally arresting plainitff thereat and did conspire to cause his unlawful imprisonment and malicious prosecution, and then removing himself from the case entirely.

5. Officer Robert L. Simms:
Incorrect statements made by Simms in Warrant Application materially mislead magistrate and did deprive himself of qualified immunity where magistrate would not have found probable cause had factual errors been corrected. Federal Procedure Law: 2991.5
a) he inlcuded the uncorraborated and unsubstantiated hearsay testimony of Officer David Terrell that defendant was informed that X-Box was "stolen".
b) his 7:38PM Warrant Application, 41/2005, was deliberately

made with false testimony and with reckless disregard for the truth, whereby he gave the magistrate the false impression that defendant was at large and inpossession of the X-Box, while at 526 Ralph Avenue. Material omissions to the fact that defendant had been arrested since 1:40pm (six hours earlier), inside the location, would have demonstrated that police had already illegally entered, searched, seized X-Box (occupying the location from within), and arrested the defendant. Applying "inked-in information," after the fact, that defendant was arrested and remained in custody contradicted the warrant altogether [U.S.C.A. Const. Amend. 4; 42 USCA § 1983]. He failed to mention to the magistrate his claim of being defenhdant's arresting officer, which the ADA had held him up to be. "If no police officer of resonable competence would have requested the warrant, ie., his request is outside the range of professional competence expected of a police officer , and magistrate [judge] issues warrant in such case, his action is not just a reasonable mistake, but an unacceptable error indicating gross incompetence or neglect of duty; officer cannpt excuse his own default by pointing to greater incompentence of magistrate", Malley v. Briggs, 106 S. Ct. 1092; Civil Rights Law: 214(6).

Officer Robert L. Simms, as deponent in the felony complaint; #2005KN008517, continued knowingly, deliberately and with reckless disregard of the truth, to make false statements and material omissions were easily disproven by the police arrest and complaint reports. Though plaintiff had been 'arrested' at 1:40 pm, at 8:50 pm, "Informant observed the defendant in possession of an excess of 400 packages for cigarettes that did not bear the required New York State and New York City Tax stamps, in that informant recovered those pakcages from the above location." The blatant falsity of this felony complaint/warrant application was an act of egregiously, intentionally and recklessly done to cause plaintiff severe emotional distress. See Carter v.District of Columbia, 795 F.2d 116, Plaintiff's version of the facts, corroborated by the police/complaint reports and NYC Interview Report (Arrest #610282) contradicted officer's accounts, which were fraught with discrepancies, inconsistencies and material omissions and are sufficient evidence to raise issue in Civil Rights action against purported arresting officer and other officers who were involved in Fourth Amendment and various other violations of plaintiff's constitutional rights. See Borunda v. Richmond, 885 F.2d 1384. The doctrine of qulaified immunity does not apply if resonable officers would have known they were violating clearly established constitutional rights. See White v. Pierce County, 797 F. 2d 812, 815(9th. Cir. 1986). In this case every officer knew that they were in breach of plaintiff's constitutional rights (4,14 Const. Amend.). "Malice is inferred if defendant acted with a reckless or grossly negligent disregard of plaintiff's rights." Malicious Prosecution Law No. 29, See Harris v. State, 756 NYS. 2d. 302 (A.D. 3Dept. 2003).

Officer Simms' entire testimony is false because he is not the arresting officer and was handed the case by his superiors to confuse and confound any viable defense from the defendant. Police Officer Simms did participate in the beating of plaintiff at the 77th Precinct on February 9, 2005 at about 10pm, with attempting to coerce plainitff to sign a consent to search his

-4-

attempting to coerce plaintiff to sign a consent to search his basement apartment and first floor entryway.

**6. P.O. Sgt. Franqui,** of the 77th Precinct in Brooklyn, did violate plaintiff's civil rights in entering, searhcing, seizing property at 526 Ralph Ave., and illegally arresting plaintiff, thereat and did conspire to cause his unlawful imprisonment, malicious prosecution by approving the switch of arresting officers from the "red-haired" detective to Officer Robert L. Simms.

**7. ADA Minerva John-Stull,** did conspire with members of the NYPD and Kings County DA's office, to violate plaintiff's civil rights, by intentionally preparaing and filing a forged and invalid instrument of search warrant application / search warrant (41/2005) that was both facially and factually invalid, to cause plaintiff's unlawful imprisonment and malicious prosecution.

**8. ADA Maria Sciortino,** did, while in possession of Search Warrant application / Search Warrant (#41/2005) and felony complaint (#2005KN008517), and NYPD arrest/complaint reports (#K05610282), did conspire to violate plaintiff's civil rights by permitting members of the NYPD to intentionally, willfully; and knowingly give false testimony before a grand jury and thereby further contribute to plaintiff's unlawful imprisonment and malicious prosecution. Ms. Sciortino did further deny plaintiff's request to testify and call other witnesses to testify before said Grand Jury in February, in support of his claims, after Nicole Mull provided written request of plaintiff's behalf.

**9. ADA Valérie L. Forbes,** in the face of the above-named evidence, possessed and later presented by her, did conspire to violate plaintiff's civil rights by admitting the same and seeking to cover up the mountain of contradictory evidence by offering a new and non-existent felony complaint (#2005KN022260), vindictively attempting to submit new charges (110/125.25) and bail ($100,000); resubmitting felony charges to a new grand jury on July 18, 2005 after a June 20, 2005 dismissal; and lying , in court, on August 8, 2005 about making a proffer of 'time-served' with the return of computer equipment on June 20, 2005, all in an attempt to continue plaintiff's unlawful imprisonment and her office's malicious prosecution.

**10. Charles J. Hynes,** being the elected District Attorney of Kings County, is ultimately responsible for the illegal acts committed by his assistants and for permitting prosecution of defendant, whose crime was an invention of the police form the beginning and for condoning the "policy of racial profiling" in his office's prosecution of such defendants without probable cause. He, thereby did cause plaintiff's unlawful imprisonment and malicious prosecution in violation of his civil and constitutional rights. The DA's Office lacked probable cause to continue with prosecution, but persisted with actual malice. Civil Rights Law No. 192; 42 USCA§1983.

**11.   Nicole M. Mull,** attorney for the legal Aid Society, did violate plaintiff's civil rights by not representing plaintiff as required by law and by ignoring evidentiary facts of a case that required immediate dismissal and withholding such evidence that was in her possession and, in a flagrant display of a "conflict of interest," did try to obtain a **"time served"** plea on or about February 17, 2005, when she told the defendant that **"the judge in your case is willing to give you time served only if you do not go before the Grand Jury."** When I insisted on testifying before the Grand Jury, Ms. Mull failed to show up on the appointed day(2/18/05), as she was "absent due to illness."

Ms. Mull was never heard from again, despite defendant's numerous attempts to make contact with her, even through this institution's legal aid counsel.

As of April 5, 2005, plaintiff's arraignment on the indictment, another Legal Aid Counsel informed plaintiff that "Ms. Mull knows you're upset and she apologizes, though she is still ill and cannot attend." Ms. Mull's 'mysterious' illness appearantly occurred since our last meeting(2/17/05) and extended to, at least April 5, 2005.  I do not believe that Ms. Mull was sick and simply recused herself, becaused she could not bear her role in violating her client's civil and constitutional rights and the attorney's code of conduct.

In denying plaintiff's CPL 190.50, the People intimated that "it appears that [plaintiff] had forged Nicole Mull's signature to the WAIVER OF IMMUNITY."  A waiver she signed and gave to him on 2/17/05 and asked that he return with the following day for the scheduled Grand Jury hearing of February 18, 2005.  Ms.Mull, nor the Legal Aid Society, came forward to rebut such allegation or to defend plaintiff in the face of a denial of his legal right to testify and to have eyewitnesses testify before said Grand Jury.

**12.   Mr. Gorfinkel,** supervising attorney for the Legal Aid Society, waived plaintiff's right to testify before the GrandJury and did not further his continued request to allow for his obvious intent to testify and request for his witnesses to testify, as well.  Mr. Gorfinkel did lie as to the nature of Ms. Mull's sudden disappearance "due to illness," when in fact the true nature of her absence was due to her unwillingness (possibly) to participate in the Mockery of proceedings being perpetrated against her client, the otherwise malicious prosecution, in which he readily conspired through his action or inaction.

**13.   The Legal Aid Society,** having under their employ, Ms. Nicole Mull and Mr. Gorfinkel, is liable for their actions and thereby did cause violations of plaintiff's civil rights and otherwise unlawful imprisonment and malicious prosecution.

**14.   Spencer A. Leeds,** 18B Legal Advisor for plaintiff, has provided no legal advice whatsoever to plaintiff, since the advent of his paid appointment (April 5, 2005) and whose sole aim has been to help the DA's office in undermining the Defense. His entire impetus has been on getting plaintiff to plead guilty to something, despite his possession of the overwhelming factual

-6-

and material evidence to the contrary and of evidence that members
of the NYPD and DA's Office are involved in a cover-up, which
violated plaintiff's civil and constitutional rights leading
to his unlawful imprisonment and malicious prosecution.

Mr. Leeds, on June 20, at the urging of the People, proferred a
plea of time served, with the return of computer equipment--A fact
which was vehemently denied by ADA Forbes before a substitute
judge on August 8, 2005. Mr. Leeds fled the courtroom without so
much as a rebuttal to her denials or to his undeniable role,
which would have supported plaintiff's claim. It thus stands to
reason that he has no interest in his 'client's' welfare; but
rather, has conflicting loyalties to the DA's Office. A February
2005 article in the American Lawyer, titled "double agent" by
Andrew Longstreth, points out that "defense lawyers have become
deputy prosecutors." Mr. Leeds has indeed verified this position.

15. **Sheryl L. Parker,** Justice of the Supreme Court, did overlook every
iota of factual material evidence; false, contradictory, malicious,
and flagrant acts committed against plaintiff by NYPD and DA's
Office, that any resonable Judge, when presneted with the same,
would have dismissed in the interests of Justice and thereby did
cause various violations of his Civil and Constitutional Rights
and ultimately undermines respect for the United States Constitution.
She did cause and allow to continue plaintiff's unlawful imprisonment
and malicious prosecution by not intervening when presented with
the flagrant abuses of power by the Kings County DA's Office,
should be sanctioned for dereliction of judicial responsibility.

Justice Parker, on July 18, 2005, denied having granted defendant
Mapp/Dunaway hearings which is a matter of record. This fact
denotes defendant's uphill battle to obtain a fair trial.

V.   **Plaintiff,** makes this Claim for Severe mental anguish due to his
unlawful imprisonment and malicious prosecution and compensatory
damages for unretrievable time lost with wife and children, whom
also experienced separation anxiety due to the loss of affection,
emotional, and financial support of Plaintiff, being their
father and husband.

VI.  **Relief:**

Generally, plaintiff seeks equitable compensatory and punitive
damages for loss of liberty, and the pain and suffering of himself,
his wife, and children whom are totally reliant on him. Since they
reside in Jamaica, West Indies, it has been virtually impossible
to communicate with them, causing further strain to his family.

Plaintiff, specifically seeks:

1. Punitive and compensatory damages of $100,000 form each
named person;

2. Punitive and compensatory damages of $5,000,000 from the Legal
Aid Society.
   a) Policy requiring that they be required to turn over copies
   of any evidentary material or information to their client
   within 24 hours of receipt thereof.

3. Combined damages against the City of New York in the amount of
$50,000,000.

a) A requirement that the DA's Office be required to provide all indigent defendants with copies of VDF within 24 hours of their receipt and prior to any offer of guilty plea.

----------------------------------------------------------------------

I declare under penalty of perjury that on September 24, 2005, I delivered this complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York.

Signed this 24th day of September, 2005, I declare under penalty of perjury that the foregoing is true and correct.

*Patrick R. Harrison*

Patrick R. Harrison,
A/K/A   Peter Thomas
Otis Bantum Corr. Center
#900-05- 00238
1600 Hazen Street
East Elmhurst, NY 11370

-8-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: TERM PART 30
------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,
                        Plaintiff,

     -agaainst-

PETER THOMAS,
                   Defendant.

------------------------------------X

NOTICE OF MOTION TO
DISMISS INDICTMENT
(or a count thereof)
IN THE INTEREST OF
JUSTICE

Ind. No. 1049-05 & 5129-05

Hon. Justice Sheryl L. Parker:

    PLEASE TAKE NOTICE, that upon the annexed Affidavit In Support
Of Motion To Dismiss Indictment (or a count thereof) In The Interest
Of Justice, that I, Peter Thomas, acting pro se, make this application
pursuant to Sections 210.20 and 210.40 of the Criminal Procedure Law
and duly being sworn to this 20th day of September, 2005, and upon
the supporting papers attached hereto, and made a part hereof, is
made to this Supreme Court of the State Of New York, in the County
of Kings, at 320 Jay Street, Brooklyn, New York, that a hearing be
had, if necessary, with regards to aforementioned Affidavit and all
relevant evidence referred to or otherwise required for the resolution
of the same, at this Court's earliest convenience and for such other
relief that this Court may deem just, proper and equitable.

Dated: September 20, 2005
      E. Elmhurst, NY 11370

                                    Respectfully submitted,

                                    *Peter Thomas*

                                    Peter Thomas

*Exhibits ATTACHED*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: TERM PART 30
------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
                    Plaintiff,

        -agaainst-


PETER THOMAS,
                    Defendant.
------------------------------------X

AFFIDAVIT IN SUPPORT OF
MOTION TO DISMISS INDICT-
MENT (or a count thereof)
IN THE INTEREST OF JUSTICE

Ind. No. 1049-05 & 5129-05

STATE OF NEW YORK )
                  )  ss.:
COUNTY OF KINGS   )

        Peter Thomas, being duly sworn, deposes and says:

        That I am the defendant, acting pro se in the above-named indict-
ment, and am personally familiar with the facts hereinafter stated.

        That I was indicted by the Grand Jury of the County of Kings on
the 17th day of February, 2005, charged with the crimes of: Attempted
criminal possession of stolen property in the 5th°; Trademark counter-
feiting in the 2nd° and 3rd°; Failure to disclose the origin of a
recording in the 2nd° and 1st° [added in the indictment of July 18,
2005 (5129-05)]; Cigarettes and ctobacco products law [Pl 1814(A)(1)]
and [Pl 1814 (D); Article 37]; and Attempted to evade or defeat a
New York City Tax [AC 11-4012(A)(I)].  A copy of said indictment is
annexed hereto marked "Exhibit A."  Arraignment of the defendant upon
the first indictment took place in this Court on the 5th day of April,
2005, but there has yet to be an arraignment on the new indictment
(5129-05).  To this date no plea of guilty has been entered by said
defendant nor has trial been commenced as to the aforementioned charges.

        This application is made upon the grounds that dismissal of the
indictment [or a count thereof] is required in the furtherance of justice
pursuant to Sections 210.20 and 210.40 of the Criminal Procedure Law,
in that there exists compelling factors, consideration or circumstances
clearly demonstrating that conviction or prosecution of the defendant
upon either indictment [or count thereof] would constitute or result in
injustice.  The reasons why dismissal in the furtherance of justice
should be granted are as follows:

1.   Exceptionally serious misconduct of law enforcement personnel in
the investigation, arrest and prosecution of the defendant, such that
"his action was not a reasonable mistake, but an unacceptable error
indicating gross incompetance or neglect of duty..." Malley v. Briggs,
106 S.Ct. 1092 (1986) and Ortiz v. Pearson, 88F. Supp.2d 151.

   **a)** The police officer filed a warrant application which contained
false and misleading testimony which no police officer of reasonable
competance would have filed because it mislead the issuing judge
into believing that the defendant, who was already "'arrested and
who remained in custody," was not yet apprehended, as of 7:38 P.M.,
and was at the subject location and in "possession of informant's
property (the X-Box)."  Under the rule of qualified immunity, "a
police officer with a complaint and a supporting affidavit, which
failed to establish probable cause on the grounds that act of
applying for an arrest [or search] warrant is per se **objectively
reasonable where officer believes that facts alleged in affidavit
are true,"** and if not the case, he should not have applied for the
warrant, in this case, where application for warrant was not object-
ively reasonable because it "created unnecessary danger of an unlaw-
ful arrest."  See Civil Rights Law: 13.8(4); 42 U.S.C.A § 1983.
Compare Warrant Application/Warrant # 41/2005 (Exhibit #1), Arrest &
Complaint Reports [NYPD] (Exhibit #2) and docket #2005KN008517 (Exh.#3).

   **b)**  Magistrate was not made aware that police had already entered 526
Ralph Avenue and remained therein, conducted a search of the 1st floor
and basement apartment, arrested defendant and seized property (1:40pm)
for which defendant is currently facing prosecution, hours prior to
filing the above-named Warrant Application (7:38 P.M.) and the issuance
of the 'alleged' accompanying Warrant (7:38 P.M.).  Police, in arrest-
ing and then filing application for the warrant and then falsifying
charges against defendant, acted egregiously, intentionally and reck-
lessly to cause severe emotional distress. Carter v. District of
Columbia, 795 F.2d 116 and "officer's accounts were fraught with
inexplainable discrepancies, inconsistancies and material omissions,"
which, at the very least, require a dismissal in this case for the
serious 4th Amendment and various other constitutional violations made
herein by law enforcement personnel.

   **C)**  The filing officer, Robert L. Simms, shield No. 13057, was not
the "original arresting officer" complained of in defendant's several
motions and pleadings, beginning with defendant's Motion/Request For
Witnesses to Testify Before the Grand Jury (April 5, 2005), or the
Subpoena for the "red-haired" arresting officer, which was presented
to the Court on August 8, 2005.  Officer Simms, conveniently left out
facts of the arrest, because he was not the officer who conducted the
approach, request to speak with defendant, the handcuffing of defend-
ant, the interrogation of defendant, the placing of defendant in the
car, or holding cell at the 77th Precinct, i.e. **arrest of defendant.**
He was, however, one of the officers complained of who assaulted
defendant at the 77th Precinct, at or about 10 P.M. when defendant
refused to sign a consent drafted by an officer, which would give NYPD
permission to search the **already searched** premises.  "Where officers

procuring warrant have deliberately mislead magistrate about relevant information, no magistrate will have made prior probable cause determination on basis of corrected affidavits" and reviewing Court "tries to predict whether magistrate would have found probable cause if he had been presented with truthful information, is a question of fact rather than law." <u>Velardi v. Walsh</u>, 40 F.3d 569.

D)  Police who readily falsified significant facts, certainly would have no problem misleading judge about the "pseudo probable cause" that they created soley to entrap defendant with the story of a hard-luck seller of an X-Box, only to later change their story in that the **police property** was in fact a "stolen X-Box" recently stolen from "an apartment" (February Grand Jury Minutes).  No reasonable person would believe that anyone would randomly appoach a complete stranger and reveal to him that he possessed stolen property, which he was attempting to sell.  Even the lowest and most desparate in our society would claim ownership of such property, as did the seller, Officer  David Terrell, in this case. **Falsus in uno, falsus in omnibus,** i.e., if the officer's testimony on a material issue is intentionlly deceitful, the jury may disregard all of his testimony.

CPL § 210.40(1) and (2), set out the criteria for dismissal of the indictment in the furtherance of justice as follows:

1. An indictment or any count thereof may be dismissed in the furtherance of justice, as provided in paragraph (i) of subdivision one of section 210.20, when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (h) of said subdivision one of section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration, or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constituteor result in injustice.  In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:

(a-b) the seriousness and circumstances of the offense; defendant's purchase of the X-box, in good faith and for his daughters, which was not stolen or 'was unverifiably told that it was stolen' leaves only the defendant and his family suffering the risk of any harm.

(c) the evidence of guilt, whether admissible or inadmissable at trial;  there is no evidence provided that defendant was involved in any criminal activity, rather simply that defendant resided in the basement apartment of 526 Ralph Avenue and possessed the right to privacy, therein.

(d) the history, character and condition of the defendant; indeed, the defendant has a criminal record, though not extensive and not having been arrested in 17 years, should be given the benefit of "extraordinary rehabilitation" in turning his life around and being crime-free today.  Defendant, along with his wife and children, currently reside in Jamaica and his short 'visit' was only to legally purchase specific items to help make life there bearable.

(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of defendant; See page 2, paragraph 1(a-d) of this affidavit.

(f-j) the purpose and effect of imposing upon the defendant a sentence authorized for the offense; after first having been given the opportunity by Nicole Mull for **time served**, on February 17, 2005, "consigning    this defendant to prison would not only violate the essence of the Sentencing Guidelines, but would constitute a destructive act of cruelty on defendant [along with his wife and infant daughters] with an unjustifiable impact on society." See <u>U.S. v. Hawkins</u>, E.D.N.Y. (02-CR-563), citing <u>U.S. v. Kane</u>, 88 F.Supp. 2d 408, 409 (E.D.P.A. 2000) "a subsequent crime was not fatal to defendant's claims of "extraordinary rehabilitation."

2. In addition to the grounds specified in subdivision one of this section, a count alleging enterprise corruption in violation of article 460 of the Penal Law may be dismissed in the interest of justice where prosecution of that count is inconsistent with the stated legislative findings in said article. Upon a motion pursuant to this section, the court must inspect the evidence before the grand jury and such other evidence or information as it may deem proper.

In the event that this court, after review of the aforementioned grounds in support of dismissal in the interest of justice, makes an unfavorable decision for the same, the defendant, hereby request an **Adjournment in Contemplation of Dismissal (ACD)**, pursuant to § 170.55. Otherwise, defendant renews his request for **Release on Own Recognizance (ROR)**, as he cannot afford the current bail.

No previous application for the relief sought          herein has been made.

Wherefore, your deponent prays for an order dismissing the indictment [or a count thereof], and for any other relief requested herein, or that this Court may deem just, proper and equitable.

Dated: September 21, 2005
       E. Elmhurst, NY 11370

Respectfully,

*Peter Thomas*

Peter Thomas

S U P R E M E   C O U R T   O F   T H E   S T A T E   O F   N E W   Y O R K

C O U N T Y   O F   K I N G S

------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

J.   PETER THOMAS
        DEFENDANT
           2005KN008517

INDICTMENT NO. 1049/2005
ORANGE ZONE

---

COUNTS

ATTEMPTED CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE
    FIFTH DEGREE
TRADEMARK COUNTERFEITING IN THE SECOND DEGREE
TRADEMARK COUNTERFEITING IN THE THIRD DEGREE
FAILURE TO DISCLOSE THE ORIGIN OF A RECORDING IN THE
    SECOND DEGREE
CIGARETTE AND TOBACCO PRODUCTS LAW (NEW YORK STATE TAX)
CIGARETTE AND TABACCO PRODUCTS LAW (NEW YORK STATE TAX
    ARTICLE 37
ATTEMPTED TO EVADE OR DEFEAT A NEW YORK CITY TAX

"Exhibit A"
4-pages

A TRUE BILL

FOREPERSON

CHARLES J. HYNES
DISTRICT ATTORNEY

FIRST COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF ATTEMPTED CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE FIFTH DEGREE [PL 110/165.40] COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE COUNTY OF KINGS WITH INTENT TO BENEFIT HIMSELF OR A PERSON OTHER THAN AN OWNER THEREOF OR TO IMPEDE THE RECOVERY BY AN OTHER THEREOF, KNOWINGLY ATTEMPTED TO POSSESS STOLEN PROPERTY, NAMELY: AN X BOX VIDEO GAME SYSTEM OWNED BY NEW YORK CITY POLICE DEPARTMENT.

SECOND COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF TRADEMARK COUNTERFEITING IN THE SECOND DEGREE [PL 165.72] COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE COUNTY OF KINGS KNOWINGLY AND UNLAWFULLY POSSESSED WITH THE INTENT TO DECEIVE OR DEFRAUD SOME OTHER PERSON OR WITH THE INTENT TO EVADE A LAWFUL RESTRICTION ON THE SALE, RESALE, OFFERING FOR SALE OR DISTRIBUTION OF GOODS; MANUFACTURES, DISTRIBUTES, SELLS OR OFFERS FOR SALE GOODS WHICH BEAR A COUNTERFEIT TRADEMARK OR POSSESSES A TRADEMARK KNOWING IT TO BE COUNTERFEIT FOR THE PURPOSE OF AFFIXING IT TO ANY GOODS, AND THE RETAIL VALUE OF ALL SUCH GOODS BEARING COUNTERFEIT TRADEMARKS EXCEEDS $1,000.00

THIRD COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF TRADEMARK COUNTERFEITING IN THE THIRD DEGREE [PL 165/71] COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE COUNTY OF KINGS WITH THE INTENT TO DECEIVE OR DEFRAUD SOME OTHER PERSON OR WITH THE INTENT TO EVADE A LAWFUL RESTRICTION ON THE SALE, RESALE, OFFERING FOR SALE OR DISTRIBUTION OF GOODS; MANUFACTURES, DISTRIBUTES SELLS OR OFFERS FOR SALE GOODS WHICH BEAR A COUNTERFEIT TRADEMARK OR POSSESSES A TRADEMARK KNOWING IT TO BE COUNTERFEIT FOR THE PURPOSE OF AFFIXING IT TO ANY GOODS

FOURTH COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF FAILURE TO DISCLOSE THE ORIGIN OF A RECORDING IN THE SECOND DEGREE [PL 275.35] COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE COUNTY OF KINGS FOR COMMERCIAL ADVANTAGE OR FINANCIAL GAIN, KNOWINGLY ADVERTISED OR OFFERED FOR SALE, RESALE OR RENTAL, OR SOLD, RESOLD OR RENTED, OR POSSESSED FOR SUCH PURPOSES, A RECORDING THE OUTSIDE COVER, BOX, OR JACKET OF WHICH DOES NOT CLEARLY AND CONSPICUOUSLY DISCLOSE THE ACTUAL NAME AND ADDRESS OF THE MANUFACTURER AND THE NAME OF THE PERFORMER OR PRINCIPLE ARTIST.

FIFTH COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF CIGARETTE AND TOBACCO PRODUCTS LAW (NEW YORK STATE TAX) [PL 1814 (A) (1)] COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE COUNTY OF KINGS, WILLFULLY ATTEMPTED IN ANY MANNER TO EVADE OR DEFEAT ANY TAXES IMPOSED BY ARTICLE TWENTY OF THIS CHAPTER OR PAYMENT THEREOF.

SIXTH COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS
INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF CIGARETTE AND
TABACCO PRODUCTS LAW (NEW YORK STATE TAX ARTICLE 37 [PL 1814 (D)]
COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE
COUNTY OF KINGS, WITHOUT BEING AGENTS LICENSED BY THE
COMMISSIONER, WILLFULLY POSSESSED OR TRANSPORTED FOR THE PURPOSE
OF SALE ANY INSTAMPED OR UNLAWFULLY STAMPED PACKAGES OF
CIGARETTES SUBJECT TO TAX IMPOSED BY SECTION FOUR HUNDRED
SEVENTY-ONE OF THIS CHAPTER OR OFFERED FOR SALE UNSTAMPED OR
UNLAWFULLY STAMPED PACKAGES OF CIGARETTES IN VIOLATION OF THE
PROVISIONS OF THIS CHAPTER

SEVENTH COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS
INDICTMENT, ACCUSES THE DEFENDANT OF THE CRIME OF ATTEMPTED TO
EVADE OR DEFEAT A NEW YORK CITY TAX [AC 11-4012 (A) (I)]
COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT FEBRUARY 9, 2005, IN THE
COUNTY OF KINGS, WILLFULLY ATTEMPED TO EVADE OR DEFEAT A NEW
YORK CITY TAX IMPOSED UNDER ARTICLE 13 OF THE NEW YORK CITY
ADMINISTRATIVE CODE OR PAYMENT THEREOF BY POSSESSING UNTAXED OR
UNSTAMPED CIGARETTES

CHARLES J. HYNES
DISTRICT ATTORNEY

*K015/2005*          *7/1/05*          *A S COPY*

*CRIMINAL*                    *CITY*

# SUPREME COURT OF THE STATE OF NEW YORK
## Part Misc., KINGS COUNTY

STATE OF NEW YORK )          *← AR3*          *Exhibit #1*
              ) - ss.;                         *3 pages*
COUNTY OF KINGS )

     Police Officer Robert Simms, shield ████████, of the New York City Police Department, being duly sworn, deposes and says:

    1.    I am a New York City Police Officer currently assigned to the 77th precinct Burglary Unit.

    2.    I have been a police officer for approximately one and a half years. I have also made approximately five prior arrests for trademark counterfeiting. I have also received specialized training from the Recording Label Industry and Motion Picture Industry in the identification of counterfeit compact discs, digital video discs (hereinafter "CDs"), and videotapes.

    3.    I have information based upon my observations and conversations with New York City Police Officer David Terrell, shield number ████, that a black male, approximately 5'7" in height, approximately 220 pounds, in his mid 30's, is using ~~529 Ralph Avenue~~,[1] a first-floor storefront, Brooklyn, New York (hereinafter referred to as "subject location"), to store and sell certain property, namely: counterfeit Digital Video Disc's (hereinafter "DVD") and CD's. The following evidences this:

*[1] on Ralph Avenue, between 524 and 526 Ralph Ave, as more particularly described below*

    4.    Deponent states that deponent on February 9, 2005, at approximately 1:00 p.m. the deponent was present in the subject location and made the following observations; ) 52 Ralph Avenue is a three-story yellow brick face building located in the middle of the block between Park Place and Sterling Place. The number "52" is written above the front glass door with roll down gates. To the left of the subject location is "526 Ralph Avenue" and to the right of the subject location is "524 Ralph Avenue". Upon entering through the glass door one would be in the store itself. There are clear plexiglass shelves in this vestibule area. On the shelves are DVD's and CD's.

*The building which contains the subject location on* ...

*[2] from its position it is between 524 and 526 Ralph Ave, as described below, I infer that one or more digits and/or letters have been omitted after the numerals "52".*

    The deponent further states that the deponent observed that said DVD's and CD's in the subject location contained poorly ~~reproduced~~(reproduced) photographs, and blurred printed wording which was faded in color quality whereas legitimate DVD's and CDs usually contain sharp vividly colored graphics, pictures and wording of the Title, company names, distributors and addresses; said DVD's and CD's were loosely wrapped in plastic and legitimate CDs are vacuum sealed in plastic. It is the professional opinion of the deponent that said DVD's and CD's from the subject location are counterfeit.

*reproduced (e.g. blurred and crooked)*

    5.    Deponent states that on February 9, 2005, at approximately 12:50 p.m., the deponent observed Police Officer David Terrell enter the subject location with an X-box and four games. The deponent is informed by the INFORMANT that upon entering the subject location the INFORMANT observed over 100 DVD's and CDs displayed inside the subject location. The deponent is further informed by the INFORMANT that the INFORMANT stated to the Target that the informant had a stolen X-box with four games for sale and that Target purchased said X-box and games for $31.00 United States currency. Deponent states that deponent observed the informant leave the subject location without said X-box and games.

*Deff Bought the X-Box Not Hampton ARRESTED - REMAINED IN CUSTODY*

*(6) Shortly following these events, the target was arrested in the subject location and remains in custody. I have prepared this for pending his arrest pending ... removal of evidence and contraband, and will continue to do so until the warrant hereought is executed.*

Prepared by: ADA Minerva John-Stull
Search Warrant Application # 41/2005

The deponent further states that the deponent observed that said DVD's and CD's in the subject location contained poorly reprodinformanted photographs, and blurred printed wording which was faded in color quality whereas legitimate DVD's and CDs usually contain sharp vividly colored graphics, pictures and wording of the Title, company names, distributors and addresses; said DVD's and CD's were loosely wrapped in plastic and legitimate CDs are vacuum sealed in plastic. It is the professional opinion of the deponent that said DVD's and CD's from the subject location are counterfeit.

7.   The property sought to be seized, namely counterfeit DVD's and CDs, are property constituting evidence of a crime and property which tends to demonstrate that the following offense was committed:

P.L. Section 165.72        Trademark counterfeiting in the second
                           Degree;

8.   Based on the above, I believe that individuals are using the above location to store and sell counterfeit DVD's and CDs and said counterfeit DVD's and CDs can be found inside the following location: 59 Ralph Avenue, Brooklyn, Kings County, New York. (the storefront more particularly described above in)

I request that any examination by this Court be incorporated into this application.

I further request that this application and any examination by this Court be sealed except for one copy which will be maintained by the Investigations Bureau of the Kings County District Attorney's Office and one copy to be maintained in the confidential police folder.

WHEREFORE, I respectfully request that the court issue a warrant and order of seizure in the form annexed, authorizing a search of the above described premises, and of the person and/or persons, or of anyone found thereat, and directing that if sinformanth property or evidence or any part thereof be found that it be seized and brought before the court; together with sinformanth other and further relief that the court may deem proper.

No previous application in this matter has been made in this or in any other court to any other judge or justice.

_____        _____
OFFICER                SHIELD

Sworn to before me this           AR3 FEB 09 2005
9th day of February 2005
TIME: 7:38 P/7                     JUDGE GIBBONS

                                  REP   POLO
_____
JUSTICE OF THE SUPREME COURT
Kings County, State of New York

                                  COURT REPORTER

Prepared By: ADA Minerva John-Stull
Search Warrant Application # 41/2005

*CRIMINAL*

# SEARCH WARRANT *CITY*
## SUPREME COURT OF THE ~~STATE~~ OF NEW YORK
## ~~MISCELLANEOUS~~ PART, COUNTY OF KINGS
*AR3*

In the name of the People of the State of New York.

To any Police Officer of the City of New York:

*housing the storefront to be searched*

Proof by affidavit having been made this day before me by Police Officer Robert Simms, shield 13057, of the 77th precinct Burglary Unit,

that there is probable cause for believing that certain property, namely: Counterfeit DVD's and CDs ~~and~~ will be found in ~~52~~ Ralph Avenue, Brooklyn, New York. *(contraband)*

*the storefront more particularly described below on*

You are therefor commanded, (between the hours of 6:00 A.M. AND 9:00 P.M.) to make a search of:

*An*
~~52 Ralph Avenue, a~~ first floor storefront. *more particularly described below on Ralph Ave., Brooklyn, N.*

*52* Ralph Avenue is a three-story yellow brick face building located in the middle of the block between Park Place and Sterling Place. The number "52" is written above the front glass door with roll down gates. To the left of the ~~subject location~~ is "526 Ralph Avenue" and to the right of the ~~subject location~~ is "524 Ralph Avenue". *storefront to be searched*

*The building on*

~~and of any other person found in the above premises or seen exiting, entering, or attempting to enter or exit the above premises during the warrant execution, including, but not limited to a black male, approximately 5'7" in height, approximately 220 pounds, in his mid 30's, or who may be found to have sinformanth property in his/her possession, or under his/her control, or to whom sinformanth property may have been delivered, and if you find any sinformanth property or any part thereof to bring it, and~~ this warrant, without unnecessary delay, before any judge ~~or justice~~ in Part ~~Misc.~~, 360 Adams Street, Brooklyn, New York. *of the Criminal Court*

*storefront to be searched*

*120 Schemerhorn St*

Dated: February 9, 2005
Brooklyn, N.Y. 7:38 AM

*And you are directed to seize any of the above described property which on may be found during the search. And you are directed to leave any property seized pursuant to this warrant, with an inventory thereof, and return*

*Issued on a Affidavit of em.*

AND FEB 09 2005

JUDGE GIBBONS

REP POLO

~~Justice Supreme Court~~ *Judge of the Criminal Court*
Kings County, State of New York

Search Warrant    #41/2005
Prepared by ADA Minerva John-Stull

 
# New York City Police Department
## Omniform System - Arrests

**Arrest ID: K05610282 - J**

**RECORD STATUS: NYSID ENTERD**

**Pct: 077**

**Arrest Location:** INSIDE OF 526 RALPH AVENUE

**Arrest Date:** 02-09-2005   Processing Type: ON LINE

**Time:** 13:40:00   DCJS Fax Number: KO009131

Sector: M   Special Event Code: -

DAT: NO

Stop And Frisk: NO   Return Date:

Serial #: 0000-000-00000

**Arrest #: K05610282**

## COMPLAINTS:

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2005-077-01059 | 2005-02-09 | Valid, Initial Arrests made | 2005-02-09 | 12:50 |

**Arrest #: K05610282**

## CHARGES:

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 275.40 | F | E | 1 | FAIL DISCLOSE ORIGIN REC-1ST |
| #02 | No | PL 275.40 | F | E | 1 | FAIL DISCLOSE ORIGIN REC-1ST |
| #03 | No | PL 185.72 | F | E | 1 | TRADEMARK COUNTERFEITING 2ND |
| #04 | No | PL 165.72 | F | E | 1 | TRADEMARK COUNTERFEITING 2ND |
| #05 | Yes | PL 165.40 | M | A | 1 | CRIM POSSESSION STOLN PROP-5TH |
| #06 | No | TAX1814 A1 | M | A | 1 | EVADE PAYMENT OF CIGARETTE TAX |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

**Arrest #: K05610282**

## DETAILS:

AT T/P/O WHILE CONDUCTING A STING OPERATION (BURGLARY), DEFT WAS ADVISED NUMER OUS TIMES THAT THE X-BOX AND VIDEO GAMES WERE STOLEN. DEFT THEN PROCEDED TO PU RCHASE MERCHANDISE FOR $31 USC. DURING THE OPERATION UC OBSERVED INSIDE OF LOC ATION NUMEROUS DVD'S AND CD'S (COUNTERFEIT) DISPLAYED ON SHELVES. PURSUANT TO A SEARCH WARRANT ISSUED BY THE DA'S OFFICE OF KINGS COUNTY NUMEROUS DVD'S AND CD'S WERE RECOVERED. DVD'S PARAPHERNALIAS AND 2 COMPUTER TOWERS USED TO BURN D VD'S AND CD'S ALSO UNTAXED CIGAARETTES WERE RECOVERED FROM LOCATION.

## DEFENDANT: THOMAS, PETER

**NYSID #: 4991467Z**   **Arrest #: K05610282**

| | | Order Of Projection: |
|---|---|---|
| Nick/AKA/Maiden: | Height: 5FT-7IN | Issuing Court: |
| Sex: MALE | Weight: 220 | Docket #: |
| Race: BLACK | Eye Color: BROWN | Expiration Date: |
| Age: 37 | Hair Color: BLACK | Relation to Victim: STRANGER |
| Date Of Birth: 12/25/1967 | Hair Length: SHORT | Living together: NO |
| U.S. Citizen: NO | Hair Style: CLOSE CUT | Can be identified: NO |
| Place Of Birth: JAMAICA | Skin Tone: MEDIUM | |
| Need Interpreter: NO | Complexion: CLEAR | |
| Language: | | |
| Accent: NO | Soc.Security #: | Gang Affiliation: NO |
| | Occupation: NONE | Name: |
| Physical Condition: APPARENTLY NORMAL | Lic/Permit Type: | Identifiers: |
| Drug Used: NONE | Lic/Permit No: | |



# New York City Police Department
## Omniform System - Complaints



| Report Cmd:<br>077 | Jurisdiction:<br>N.Y. POLICE DEPT | | Record Status:<br>Ready for Signoff, with Arrest | Complaint #<br>2005-077-01059 |
|---|---|---|---|---|

**Occurrence Location:** INSIDE OF 526 RALPH AVENUE
Name Of Premise:
Premises Type: STORE UNCLASSIFIED
Location Within Premise:
Visible By Patrol?: NO

Precinct: 077
Sector: M
Beat: 2
Post: PP

**Occurrence From:** 2005-02-09  12:50  WEDNESDAY
Occurrence thru: 2005-02-09   13:40
Reported: 2005-02-09   22:00
Complaint Received:  WALK-IN

Aided #
Accident #
O.C.C.B. #

**Classification:** TRADEMARK COUNTFEIT
Attempted/Completed: COMPLETED
Most Serious Offense Is: FELONY
PD Code: 729  FORGERY,ETC.,UNCLASSIFIED-FELO
PL Section: 16572
Keycode: 113  FORGERY

**Case Status:** CLOSED
Unit Referred To:
Clearance Code: UNIFORM ARREST
Log/Case #: 0
File #: 12
Prints Requested? NO

| Was The Victim's Personal Information Taken Or Possessed?<br>NO | | Was The Victim's Personal Information Used To Commit A Crime?<br>NO | |
|---|---|---|---|
| Gang Related?<br>NO | Gang Intel Log #: | Name Of Gang: | DIR Required?<br>NO | Child Abuse Suspected?<br>NO |

**If Burglary:**
Forced Entry?
Structure:
Entry Method:
Entry Location:

**Alarm:**
Bypassed?
Comp Responded?:
Company Name/Phone:
Crime Prevention
Survey Requested?:

**If Arson:**
Structure:
Occupied?:
Damage by:

| Supervisor On Scene - Rank / Name / Command :<br>SGT FRANQUI 077 | Canvas Conducted: | Interpreter(if used): |
|---|---|---|

**NARRATIVE:**
AT T/P/O WHILE CONDUCTING A STING OPERATION (BURGLARY), DEFT WAS ADVISED
NUMEROUS TIMES THAT THE X-BOX AND VIDEO GAMES WERE STOLEN. DEFT STILL
PROCEEDS TO PURCHASE MERCHANDISE FOR $31 USC. DURING OPERATION UC OBSERVED
INSIDE OF LOCATION NUMEROUS DVD'S AND CD'S (COUNTERFEIT) DISPLAYED ON
SHELVES. PURSUANT TO A SEARCH WARRANT ISSUED BY DA'S OFFICE OF KINGS COUNTY
NUMEROUS DVD'S AND CD'S WERE RECOVERED. DVD'S PARAPHERNALIAS AND 2 COMPUTER
TOWERS USED TO BURN DVD'S AND CD'S ALSO UNTAXED CIGARETTES WERE RECOVERED
FROM LOCATION.

| Total Victims:<br>1 | Total Witnesses:<br>0 | Total Reporters:<br>0 | Total Wanted:<br>0 |
|---|---|---|---|

| VICTIM: # 1 of 1 | Name:<br>MALONEY,GENE | Complaint#:<br>2005-077-01059 |
|---|---|---|

Nic/AKA/Maiden:
Sex/Type: MALE
Race: UNKNOWN
Age: 0
Date Of Birth:
Disabled? NO
Need Interpreter: NO
Language:
N.Y.C.H.A. Resident? NO

Gang Affiliation:
Name:
Identifiers:

Will View Photo:
Will Prosecute:
Notified Of Crime
Victim Comp. Law:

| LOCATION ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM |
|---|---|---|---|---|
| BUSINESS 200 WHITE PLAINS ROAD TARRY NEW YORK | | | 10591 | |

Phone #:

| Action against Victim: | Actions Of Victim Prior To Incident: |
|---|---|
| Victim Of Similar Incident: | If Yes, When And Where |

**ARRESTS:**   Complaint # 2005-077-01059

| Arrest ID | Status | Defendant Name | Sex | Race | AGE | Arrest Date |
|---|---|---|---|---|---|---|
| K05610282 | ACTIVE | THOMAS, PETER | MALE | BLACK | 37 | 02/09/2005 |

*(handwritten left margin notes:)*

Note: Inside Subject location denotes illegal entry at 12:50 PM and 13:40 PM

Police Officer entered Private Premises in which nothing was reported visible by patrol and without a search WARRANT.

ON LINE BOOKING SYSTEM ARREST WORKSHEET

| Arrest No. | Arrest Pct. | Sector | OAT ☐ Yes ☐ No | Return Date | Officer Excused ☐ Yes ☐ No | Special Event Code |
|---|---|---|---|---|---|---|

COMPLETE THIS SECTION ONLY FOR AN ARREST WHEN A COMPLAINT REPORT WAS PREVIOUSLY PREPARED

| Original Complaint Pct. | Compl. # | Date | Complainant's Name (Last Name, First, M.I.) |
|---|---|---|---|

REQUIRED ONLY FOR AN OCCB ARREST AND AN ARREST NOT REQUIRING A COMPLAINT REPORT

**LOCATION OF OFFENSE**

| Time | Date | Address/Location Of Offense: ☐ Inside ☐ In Front Of ☐ Rear Of ☐ Opposite Of | | Apt/Room # |
|---|---|---|---|---|

Cross Streets & OR Intersection Of & Corner ☐ N/E ☐ N/W ☐ S/E ☐ S/W

Jurisdiction (check one) ☐ NYPD ☐ NYPD Transit Bureau ☐ NYPD Housing Bureau ☐ Other

Premises Type: ☐ Residential ☐ House of Worship School: ☐ Public ☐ Other
☐ Public Transportation ☐ Commercial ☐ Other

On NYC Bd. of Ed. ☐ Yes Type of School: School No. School Name
School Property ☐ No ☐ Elem. ☐ IS ☐ JHS ☐ HS ☐ Sp. Ed.

NYC Transit Station Line # Location In Transit System NYCHA Development Name

THE FOLLOWING INFORMATION MUST BE COMPLETED FOR ALL ARRESTS

**ARRESTING OFFICER**

| Department NYPD | Command 077 | Tax Registry No. | Identification No. (If Not NYPD) | Shield No. |
|---|---|---|---|---|

Rank: Last Name: _Simms_ First: M.I.

On Duty ☐ Yes ☐ No | In Uniform ☐ Yes ☐ No | Squad | Chart | Primary Assignment: ☐ Beat Officer ☐ Other Uniform ☐ Anti-Crime ☐ Investigatory ☐ Other

Force Used: Type: ☐ Handgun ☐ Chemical Agent ☐ Rifle/Shotgun | Reason For Force: ☐ Overcome Assault ☐ Prevent Escape ☐ Restrain ☐ Other | Arresting Officer Injured
☐ Yes ☐ No | ☐ Physical Force ☐ Baton ☐ Other | ☐ Yes ☐ No

Assigned ☐ Yes ☐ No | Department | Command | Tax Registry No. | Ident. No. (If Not NYPD) | Last Name, First, M.I.

**ARREST INFORMATION**

| Time 1340 | Date 02/05/05 | Address/Location Of Arrest: ☐ Inside ☐ In Front Of ☐ Rear Of ☐ Opposite Of | 526 Ralph Ave | Apt/Room # |
|---|---|---|---|---|

Cross Streets Park & Sterling OR Intersection Of Corner ☐ N/E ☐ N/W ☐ S/E ☐ S/W

Arrest Numbers Of Associates: Is This Arrest Related To Stop And Frisk Report ☐ Yes ☐ No If Yes, Serial #

1. 2. 3.

Invoice # Command Type: ☐ Drugs ☐ Veh. ☐ Curr. ☐ Gun ☐ Jwlry ☐ Boat ☐ Other

Invoice # Command Type: ☐ Drugs ☐ Veh. ☐ Curr. ☐ Gun ☐ Jwlry ☐ Boat ☐ Other

**DEFENDANT INFORMATION**

Last Name _Thomas_ First _Peter_ M.I. Date Of Birth 12/25/67 Age 37

Occupation _NONE_ License/Permit Type (Excluding Drivers Lic.) ☐ Handgun ☐ Tow Truck Driver ☐ Taxi Medallion ☐ Water Front Lic. License/Permit # ☐ Rifle ☐ Tow Truck Owner ☐ Taxi Livery ☐ Other

Telephone Calls: 1. ( ) Name 2. ( ) Name 3. ( ) Name

Physical Condition:
☐ Apparently Normal ☐ Injury-To Hospital ☐ Intox-Drugs ☐ Sick-To Hospital ☐ Unknown
☐ Deceased ☐ Injury-RMA ☐ Intox-Unknown ☐ Sick-RMA
☐ EDP-To Hospital ☐ Injury-Treated & Released ☐ Pregnant-Normal ☐ Sick-Treated & Released
☐ EDP-Released From Hospital ☐ Intox-Alcohol ☐ Pregnant-Requires Medical Aid ☐ Unconscious

Type of Drug Used:
☐ Opium & Derivative ☐ Other Cocaine ☐ Synthetic Opiates ☐ Hallucinogens ☐ Glue-Toxic Vapors ☐ Unknown
☐ Crack ☐ Marijuana/Hashish ☐ Depressant/Stimulant ☐ Hypo-Syringe-Needle ☐ Other ☐ None

**JUVENILE**

Juv. Offender ☐ Yes ☐ No | Number of Priors | School Attending | Mother's Maiden Name

Relative ☐ Parent ☐ Guardian Name (Print) Tele.# Time Notified Personal ☐ Yes ☐ No
Notified: ☐ Other Relative Recog: ☐ No

**CHARGES**

| | ATTEMPT? | LAW | SECTION | SUB. | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Top Chg. | ☐ Yes ☐ No | PL | 105 | 40 | E | F | 1 | Trademark Cnterft |
| 2nd Chg. | ☐ Yes ☐ No | PL | | | E | F | 1 | Failure to disclose origin |
| 3rd Chg. | ☐ Yes ☐ No | PL | 165 | 40 | A | M | 1 | Trademark Cnterft |
| 4th Chg. | ☐ Yes ☐ No | PL | 275 | 40 | E | F | | Failure to disclose origin |
| 5th Chg. | ☐ Yes ☐ No | PL | 165 | 40 | A | M | | CPSP 5 |

If Drug Possession/Sale Is Top Charge: ☐ Crack ☐ Other Cocaine ☐ Opium Deriv. ☐ Synthetic ☐ Other Drug

**NARRATIVE**

At TPO while conducting a drug operation (buy/bust) Deft was apprised... numerous times that the X-box and video games were being sold... Deft proceeded to purchase above merchandise for $ 31.50. Drug operation recovered above costumes.

Not Arresting Officer →

| Rank/Title Arresting Off. / Arresting Off. Name (Print) | Signature | Tax Registry No. | Command 077 | Agency NYPD |
|---|---|---|---|---|
| PO _Simms_ | | | | |
| Rank/Title Supervisor Approving Name (Print) | Signature | Tax Registry No. | Command 077 | Agency NYPD |
| SGT _Ramsey_ | | | | |

Case 1:05-cv-05850-NG-LB Document 4-3 Filed 12/15/05 Page 24 of 29 PageID #: 28

COMPLAINT REPORT WORKSHEET
PD 313-152A (Rev. 04-04)-Pent-RMU

| Cmd./Pct. Taking Report | Jurisdiction Of Complaint: ☑ NYPD (Unless One Of The Following): | | |
|---|---|---|---|
| ☐ NYPD Transit Bureau | ☐ Amtrak Police | ☐ U.S. Park Police |
| ☐ NYPD Housing Bureau | ☐ Conrail Police | ☐ Health & Hospitals Corp. Police |
| ☐ Port Authority Police | ☐ Staten Island Rapid Transit Police | ☐ Metro North M.T.A. |
| ☐ Triborough Bridge And Tunnel Police | ☐ N.Y. State Police | ☐ Other |
| ☐ N.Y. State Park Police | ☐ Long Island Railroad M.T.A. | |

Location Of Occurrence
☐ Inside
☐ In Front Of
☐ Rear Of
☐ Opposite Of

Address: 526 Ralph Ave
County: K
Zip Code:
Apt#/Room#:

Cross Streets: York & Chauncey OR Intersection Of: &
Corner: ☐ N/E ☐ N/W ☐ S/E ☐ S/W

| Military Time And Date Of This Report: | Time 2250 | Date 02/05/05 | Occurrence On Or From: | Time 1250 | Date 02/05/05 | Day Of Week wed | Occurrence Through | Time 1740 | Date 02/05/05 | Day Of Week wed |
|---|---|---|---|---|---|---|---|---|---|---|
| Pct. Of Occ. 077 | Complaint # | P.D.C.B. # | Aided # | Accident # | | Case Status ☐ Open ☑ Closed | Unit Referred To | Log/Case # | File # |

Report Classification (If Offense, List Most Serious First): Trademark Counterfeiting
☐ Attempted
☑ Completed

Was The Victim's Personal Information Taken Or Possessed?
☐ Yes ☑ No

Was The Victim's Personal Information Used To Commit A Crime?
☐ Yes ☑ No

| Compl. Recd. ☐ Radio ☑ Walk-In ☐ Phone ☐ Written ☐ Pick-Up | Visible By Patrol | Pct. Sector Of Occ. | Beat Of Occ. | Post Of Occ. | Prints Requested ☐ Yes ☑ No |
|---|---|---|---|---|---|

Possibly Gang Related ☐ Yes ☑ No   If Yes, Gang Intel.   Name Of Gang
If Arson: ☐ Building ☐ Occupied ☐ Motor Vehicle ☐ Unoccupied
Damage Caused By: ☐ Explosion ☐ Fire ☐ Unk
Domestic Incident Report Required ☐ Yes ☐ No
Child Abuse Suspected ☐ Yes ☐ No

**Premises Type (Must Choose One):**

Residential:
☐ Residence – Private House
☐ Residence – Apt. Building
☐ Residence – Public Housing

House Of Worship:
☐ Church
☐ Synagogue
☐ Mosque
☐ Other

School:
☐ Public(NYC Bd.Of Ed)
☐ Private/Parochial
☐ College/University
☐ Other

Public Transportation:
☐ Airport Terminal
☐ Bus (NYC Transit)
☐ Bus (Other)
☐ Bus Stop
☐ Bus Terminal
☐ Ferry/Ferry Terminal
☐ Taxi (Yellow Licensed)
☐ Taxi (Livery Licensed)
☐ Taxi/Livery (Unlicensed)
☐ Tramway
☐ Transit – NYC Subway
☐ Transit Facility (Other)

Commercial:
☐ ATM
☐ Bank
☐ Bar/Night Club
☐ Beauty & Nail Salon
☐ Book/Card Store
☐ Candy Store
☐ Chain Store
☐ Check Cashing Business
☐ Clothing/Boutique
☐ Commercial Building
☐ Department Store
☐ Doctor/Dentist
☐ Drug Store
☐ Dry Cleaner/Laundry
☐ Factory/Warehouse
☐ Fast Food
☐ Gas Station
☐ Grocery/Bodega
☐ Gym/Fitness Facility
☐ Hospital
☐ Hotel/Motel
☐ Jewelry Store
☐ Liquor Store
☐ Loan Company
☐ Photo/Copy Store
☐ Restaurant/Diner
☐ Shoe Store
☐ Small Merchant
☐ Social Club/Policy Location
☐ Storage Facility
☐ Store Unclassified
☐ Supermarket
☐ Telecomm. Store
☐ Variety Store
☐ Video Store

Indicate Name Of Business:

Other:
☐ Abandoned Building
☐ Bridge
☐ Cemetery
☐ Construction Site
☐ Highway/Parkway
☐ Marina/Pier
☐ Open Lot/Area
☐ Park/Playground
☐ Parking Lot/Garage
☐ Private
☐ Public
☐ Public Building
☐ Street
☐ Tunnel
☐ Other

Indicate Name If Known:

**Exact Location Within Premises Type, If Known (Choose One):**
☐ Exact Location
☐ Basement
☐ Commercial Establishment
☐ Community Center
☐ Driveway
☐ Elevator
☐ Elevator Equipment Room
☐ Freight Elevator
☐ Garage
☐ Hallway
☐ Laundry Room
☐ Lobby/Door/Vestibule
☐ Maintenance/Storage Area
☐ Management Offices/ Other Offices
☐ Parking Lot
☐ Play/Park Area
☐ Public Sidewalk
☐ Rest Room
☐ Roof
☐ Roof Top Landing
☐ Stairway
☐ Terrace
☐ Walkways
☐ Motor Vehicle:
☐ Car
☐ Motorcycle
☐ Truck
☐ Other

If Burglary, Forcible Entry? ☐ Yes ☐ No   ☐ Att. Forcible Entry ☐ Unknown (If Yes, Explain In Details)
If Burglary, Describe: ☐ Vehicle ☐ Bldg. Commercial ☐ Garage ☐ Truck ☐ Bldg. Residential ☐ Building Other
Location of Entry: ☐ Front ☐ Rear ☐ Trailer ☐ Side ☐ Roof ☐ Watercraft ☐ Unknown ☐ Other

Point of Entry: ☐ Window ☐ Security Gate ☐ Door ☐ Wall ☐ Floor ☐ Skylight ☐ Vent/Duct ☐ Other
Alarm Bypassed ☐ Yes ☐ No ☐ N/A
Alarm Company ☐ Yes ☐ No Responded ☐ N/A
Alarm Company Name And Telephone #
Crime Prev. Survey Requested ☐ Yes ☐ No

Supervisor On Scene ☑ Yes ☐ No
Rank Sgt Name (Print) Frangos Cmd 077
Was Interpreter Used: ☐ Yes ☐ No  If Yes, Indicate Name, Address And Phone #
Name
Address _____ Phone # _____

Canvass Conducted ☐ Yes ☐ No (Indicate Interviews And Results)

**DETAILS**

At T/P/O while conducting a stings operation (burglary) Det was advised numerous times that the X-Box and video games were stolen, Deft still proceeded to purchase same merchandise for $31 USC. During operation NG observed inside of location numerous DVD's & CD's (counterfeit) displayed on top of shelves. Pursuant to a search warrant issued by DA's office, Kings County numerous DVD, CD's were recovered, D/D's paraphernalia & 2 computer towers used to burn DVD's/CD's also. Deft's also untaxed cigarettes were recovered from location.

# NEW YORK CITY
## CRIMINAL JUSTICE AGENCY

| INTERVIEW REPORT | | CJA LOG Page | Line # | Precinct | Arrest # |
|---|---|---|---|---|---|
| | | 16 | 09 | | 610282 |

| Name: | **THOMAS, PETER** | | Name (on this arrest) from NYSID/Arrest Report | |
|---|---|---|---|---|
| Age: | 37 | Interview Date: 10-Feb-05 | NYSID: 4991467Z | K389 |
| DoB: | 25-Dec-67 | Interview Time: 05:44 | Arrest Date: 09-Feb-05 Arrest Time 13:40 | |
| Sex: | MALE | CJA Interviewer: EM K378 | Arrest Charges | |
| Hispanic? | N | Interview Location: CB | 1. 275.40 2. 165.72 | |
| Race: | BLACK | Interview Language:: ENGLISH | 3. 110-165.40 4. | |

## RESIDENCE/FAMILY

| | | | Prior Address: | 527 HINSDALE ST |
|---|---|---|---|---|
| Current Address: | 526 RALPH AVE, # BSMT | | | |
| c/o | | *The basement they abide only mention of in application/warrant on Complaint* | City, State Zip | BROOKLYN, NY |
| City, State Zip | BROOKLYN, NY 11233 | | | |
| Lives with: | Lives Alone | | | |
| | | | Contact: | SELF |
| | | | Relationship: | |
| Contact: | SELF | | Phone #: | NP |
| Relationship: | | | Length at Prior Address Years Months | |
| Phone #: | 347-350-9584 | | | 3 |
| Length at Current Address Years Months Weeks | | | Contact still Resides at Prior Address? | N |
| | 9 | | | |

| ALTERNATE ADDRESS: NO ALTERNATE ADDRESS, # | Expects Someone at Arraignment? | No |
|---|---|---|
| City, State Zip , | Name: | |
| Contact: | Relationship: | |
| Relationship: | | |
| Phone #: | | |

## EMPLOYMENT

| Employed? | FULL TIME | Does Defendant Provide Support for Others? | N |
|---|---|---|---|
| Job/Position | HANDYMAN | If "Yes" How Many? | |
| Employer | AL HARRISON | Other Sources of Financial Support: | |
| Address | | NONE | |
| City, State | BROOKLYN, NY | | |
| Length of Employment Yrs: Mos: 9 | | | |
| Hrs Worked/Wk | Varies | Highest Grade | 06 |
| Avg. Net Pay | DK | In School? | NO |
| Pay Period | WEEKLY | Name | |
| Length of Unemployment Years Months | | In Training Program? | NO |
| | | Name | |
| Other Employment Status | | In Treatment Program? | NO |

## CRIMINAL RECORD

| First Arrest (Excluding Violations)? | Warrant Attached to NYSID? | Prior Warrant? | # of Prior Convictions | Open Cases |
|---|---|---|---|---|
| N | BENCH | Y | Felonies 00 | 02 |
| | | | Misdemeanors 001 | |

| Gray Shading = Information from Official Sources | LEGEND: | **NP** = No Phone | **RA** = Refuses to Answer |
|---|---|---|---|
| Miscellaneous Comments | | **DK** = Doesn't Know | **NC** = Not Calculated |
| | | **NA** = Not Applicable | **No Shading** = Information from Defendant |

8K018449 C88208476

This report assesses the defendant's risk of flight by considering the following: community ties and warrant history as defined in sections 2(a)(ii) and 2(a)(iii)(vi) of CPL 510.30 and open cases. However, a positive assessment is withheld for defendants with outstanding bench warrants attached to their NYSID sheet at the arrest. This report does not consider other criteria listed in CPL 510.30 such as the defendant's mental condition, the weight of the evidence, or the possible sentence.

## DEFENDANT'S RESPONSE VERIFICATION | CJA RECOMMENDATION

| | | | | CJA RECOMMENDATION |
|---|---|---|---|---|
| 1 | Has the defendant lived at his/her current address for 1.5 years or more? | NO | ✗ | **NOT RECOMMENDED FOR ROR** |
| 2 | Does the defendant live with parent, spouse, C/L spouse of 6 months, grandparent, or legal guardian? | NO | ✗ | |
| 3 | Does the defendant have a working telephone in residence/cell phone? | YES | 1 | **BENCH WARRANT ATTACHED TO NYSID** |
| 4 | Does the defendant report a NYC area address? | YES | 0 | |
| 5 | Is the defendant employed, or in school or training program, full time? | YES | 1 | |
| 6 | Does the defendant expect someone at arraignment? | NO | -1 | |
| 7 | Does Prior Warrant equal Zero? | NO | -5 | |
| 8 | Does Open Case equal Zero? | NO | -1 | C1 |
| | **TOTAL POINTS** | **-5** | | |

| Verification Reference Source: | NO CONTACTS PROVIDED | |
|---|---|---|
| | | **DEFENSE ATTORNEY** |

N. Moll, ESQ, CAS

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

STATE OF NEW YORK
COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

2005KN008517

v.

PETER THOMAS

POLICE OFFICER ROBERT L SIMMS SHIELD NO.13057, OF 077 COMMAND SAYS THAT ON OR ABOUT (1), FEBRUARY 09 2005 AT APPROXIMATELY 12:50 PM AT 526 RALPH AVENU BROOKLY COUNTY OF KINGS, STATE OF NEW YORK.

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 110/165.40          ATTEMPTED CRIMINAL POSSESSION OF STOLEN PROPERTY IN
                       THE FIFTH DEGREE.

AND THAT, ON OR ABOUT, (2) FEBRUARY 09, 2005 AT APPROXIMATELY 09:50 PM AT 526 RALPH AVE. COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

AC 11-4012(2)(B)       ATTEMPT
AC 11-4012(A)(1)       ATTEMPT TO EVADE/DEFEAT CIGARETTE TAX
PL 165.71              TRADEMARK COUNTERFEITING IN THE THIRD DEGREE
PL 165.72              TRADEMARK COUNTERFEITING IN THE SECOND DEGREE
PL 275.35              FAILURE TO DISCLOSE THE ORIGIN OF A RECORDING IN
                       THE SECOND DEGREE
TAX 37-1814(A)(1):     ATTEMPT TO EVADE/DEFEAT CIGARETTE TAX
TAX 37-1814(D)         POSSESSION FOR SALE OF UNTAXED CIGARETTES.

IN THAT THE DEFENDANT DID:

KNOWINGLY ATTEMPT TO POSSESS STOLEN PROPERTY WITH THE INTENT TO BENEFIT HIMSELF OR A PERSON OTHER THAN AN OWNER THEREOF OR TO IMPEDE THE RECOVERY BY AN OWNER THEREOF, WITH THE INTENT TO DECEIVE OR DEFRAUD SOME OTHER PERSON OR WITH THE INTENT TO EVADE A LAWFUL RESTRICTION ON THE SALE, RESALE, OFFERING FOR SALE, OR DISTRIBUTION OF GOODS, MANUFACTURE, DISTRIBUTE, SELL, OR OFFER FOR SALE GOODS WHICH BEAR A COUNTERFEIT TRADEMARK, OR POSSESS A TRADEMARK KNOWING IT TO BE COUNTERFEIT FOR THE PURPOSE OF AFFIXING IT TO ANY GOODS: WITH THE INTENT TO DECEIVE OR DEFRAUD SOME OTHER PERSON OR WITH THE INTENT TO EVADE A LAWFUL RESTRICTION ON THE SALE, RESALE, OFFERING FOR SALE, OR DISTRIBUTION OF GOODS, MANUFACTURE, DISTRIBUTE, SELL, OR OFFER FOR SALE GOODS WHICH BEAR A COUNTERFEIT TRADEMARK, OR POSSESS A TRADEMARK KNOWING IT TO BE COUNTERFEIT FOR THE PURPOSE OF AFFIXING IT TO ANY GOODS, AND THE RETAIL VALUE OF ALL SUCH GOODS BEARING COUNTERFEIT TRADEMARKS EXCEEDED ONE THOUSAND DOLLARS; FOR COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN, KNOWINGLY ADVERTISE OR OFFER FOR SALE, RESALE, OR RENTAL, OR SELL, RESELL, OR RENT, OR POSSESS FOR SUCH PURPOSES, A RECORDING THE COVER, BOX, JACKET OR LABEL OF WHICH DID NOT CLEARLY AND CONSPICUOUSLY DISCLOSE THE ACTUAL NAME AND ADDRESS OF THE MANUFACTURER OR THE NAME OF THE PERFORMER OR PRINCIPAL ARTIST. THE OMISSION OF THE ACTUAL NAME AND ADDRESS OF THE MANUFACTURER, OR THE OMISSION OF THE NAME OF THE PERFORMER OR PRINCIPAL ARTIST, OR THE OMISSION OF BOTH, SHALL CONSTITUTE THE FAILURE TO DISCLOSE THE ORIGIN OF A RECORDING.; WILLFULLY ATTEMPT TO EVADE/DEFEAT A NEW YORK STATE TAX IMPOSED UNDER ARTICLE20, OF THE NEW YORK STATE TAX LAW BY KNOWINGLY POSSESSING, FOR THE PURPOSES OF SALE, UNSTAMPED OR UNLAWFULLY STAMPED CIGARETTES ; POSSESSED OR TRANSPORTED FOR THE PURPOSE OF SALE UNSTAMPED OR UNLAWFULLY STAMPED PACKAGES OF CIGARETTES SUBJECT TO TAX, WITEOUT BEING AN AGENT SO AUTHORIZED BY THE TAX COMMISSIONER; NOT BEING AN AGENT AUTHORIZED BY THE COMMISSIONER OF FINANCE, WHO POSSESSES OR TRANSPORTS  FOR THE PURPOSE OF SALE ANY UNSTAMPED OR UNLAWFULLY STAMPED PACKAGES OF CIGARETTESSUBJECT TO TAX UNDER THE NEW YORK CITY ADMINISTRATIVE CODE CHAPTER 13, OR WHO SELLS OR OFFERS FOR SALE UNSTAMPED OR UNLAWFULLY STAMPED PACKAGES OF CIGARETTES; WILLFULLY ATTEMPT TO EVADE/DEFEAT A NEW YORK CITY TAX IMPOSED UNDER ARTICLE 13 OF THE NEW YORK CITY ADMINISTRATIVE CODE OR PAYMENT THEREOF BY POSSESSING UNTAXED OR UNSTAMPED CIGARETTES.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

2/10/05 12:59:49 PM

Feb 10 2005 13:15    P.02

Continued From Previous Page (P2) PETER THOMAS

DEPONENT IS INFORMED BY POLICE OFFICER DAVID TERREL OF THE 77 COMMAND THAT AT THE FIRST ABOVE TIME AND PLACE, THE DEFENDANT'S STORE, THE INFORMANT ASKED THE DEFENDANT IE THE DEFENDANT WANTED TO PURCHASE A STOLEN X-BOX ALONG WITH 4 VIDEO GAMES UPON WHICH THE DEFENDANT GAVE THE INFORMANT $31 FOR THE X-BOX AND 4 VIDEO GAMES.

DEPONENT FURTHER STATES THAT A SEARCH WARRANT WAS EXECUTED TO 9SARCH THE ABOVE LOCATION AT THE SECOND ABOVE TIME, UPON WHICH THE DEPONENT CONFISCATED 1,599 DVD'S, 371 CD'S, EMPTY CD CASES IN ADDITION TO BLANK CD'S. DEPONENT FURTHER STATES THAT DEPONENT CONFISCATED TWO COMPUTERS, ONE CONTAINING 8 DVD DRIVES AND THE OTHER CONTAINING 2 DVD DRIVES.

DEPONENT FURTHER STATES THAT HE EXAMINED THE MERCHANDISE THAT WAS SEIZED FROM DEFENDANT, SPECIFICALLY BOTH THE CD'S AND THE DVD'S AND DETERMINED THAT THE MERCHANDISE WAS COUNTERFEIT IN THAT LEGITIMATE DISCS USUALLY CONTAIN PICTURES OF THE RECORDING GROUP OR ARTIST AND THE ONES SEIZED CONTAINED NO PICTURES OR ONLY PRIMITIVE GRAPHICS, AND THAT MANY OF THE DISCS LIST UNFAMILIAR COMPANY NAMES OF ALLEGED MANUFACTURERS, DISTRIBUTORS, LIST FICTIOUSIOUS NAMES, OR LIST NO NAMES AND/OR ADDRESSES WHEREAS LEGITIMATE DISCS PROVIDE SUCH INFORMATION AND THAT THE DISCS SEIZED HAD INFERIOR PACKAGING QUALITY WHEN COMPARED WITH AUTHENTIC DISCS. FEW OF THE SEIZED DISCS EMPLOYED MULTI-COLOR PRINTING AND ART WORK AND MANY HAD NO DETAIL AND SIMPLY HAD A TYPEWRITTEN OR CRUDELY PRINTED LIST OF PERFORMERS EMBODIED WITHIN, AS COMPARED TO THE LEGITIMATE PRODUCT.

DEPONENT FURTHER STATES THAT INFORMANT'S BASIS FOR THAT CONCLUSION IS THE TRAINING THAT DEPONENT RECEIVED FROM THE COMPANIES THAT HOLD THE GENUINE TRADEMARKS, THE EXPERIENCE THAT DEPONENT GAINED FROM PREVIOUS ARRESTS INFORMANT MADE FOR TRADEMARK COUNTERFEITING AND FROM THE SUPPORTING DEPOSITION OF GENE MALONEY, A REPRESENTATIVE OF THE MOTION PICTURE ASSSOCIATION OF AMERICA.

DEPONENT FURTHER STATES, THAT, AT THE ABOVE TIME AND PLACE INFORMANT OBSSVED THE DEFENDANT IN POSSESSION OF AN EXCESS OF 400 PACKAGES OF CIGARETTES THAT DID NOT BEAR THE REQUIRED NEW YORK STATE AND NEW YORK CITY TAX STAMPS, IN THAT INFORMANT RECOVERED THOSE PACKAGES FROM THE ABOVE LOCATION.

DEPONENT FURTHER STATES THAT HE HAS HAD PROFESSIONAL TRAINING AS AN EXCISE TAX INVESTIGATOR IN THE INDENTIFICATION AND RECOGNITION OF TAX STAMPS, HAS PREVIOUSLY MADE ARREST FOR THE CRIMINAL POSSESSION OF CIGARETTE AND TOBACCO PRODUCTS THAT HAVE NOT CONTAINED THE REQUIRED TAX STAMPS, HAS PREVIOUSLY SEIZED FALSE TAX STAMPS AND HAS SEIZED PRODUCTS THAT HAVE BEEN UNLAWFULLY STAMPED FOR TAX EVASION PURPOSES; AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS AN EXCISE TAX INVESTIGATOR, IS FAMILIAR WITH THE COMMON METHODS OF EVADING OR DEFEATING CIGARETTE AND TOBACCO TAXES, AND IN INFORMATION'S OPINION THE TAX STAMPS CONTAINED ON THE PRODUCTS IN THIS CASE WERE NOT LAWFUL TAX STAMPS REQUIRED BY NEW YORK STATE LAW.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

02/10/05
DATE                    SIGNATURE

*falcified testimony which finds defendant at location when warrant is executed at 850 PM*

2/10/05 12:49:49 PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 30

*Bonus Exhibit #4*
*2 pages*

------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK :

    -against- :

PETER THOMAS :

                   Defendant. :

------------------------------------------------x

PEOPLE'S RESPONSE TO
DEFENSE MOTION AND
MEMORANDUM OF LAW
TO DISMISS THE
INDICTMENT PURSUANT
TO C.P.L. §§ 30.20 & 30.30

INDICTMENT
NO. 1049/2005

VALERIE L. FORBES, an attorney admitted to practice in the State of New York and an Assistant District Attorney in the County of Kings, affirms the following to be true under the penalties of perjury:

1. I submit this affirmation in opposition to defendant's motion, dated July 18, 2004, to dismiss the indictment under Supreme Court indictment number 1049/2005 pursuant to Criminal Procedure Law § 30.30.

2. Unless otherwise indicated, I affirm the following statements on information and belief, based on the records and files of the Kings County District Attorney's Office; conversations with assistant district attorney Maria Sciortino, and the files of the Kings County Supreme Court.

3. On February 9, 2005, at about 12:50 p.m., inside of 526 Ralph Avenue, Brooklyn, the defendant offered police officer David Terrell from the 77 Precinct (acting in an undercover capacity) $31 cash United States Currency in exchange for a video box that the officer told the defendant was stolen. Later that day, at approximately 10:50 p.m., police officers from the 77 Precinct executed a search warrant at the location and recovered 1,599 counterfeit DVDs and 320 counterfeit CDs. The officers also

*The enclosed Police reports indicate a complete Purchase, as does the WARRANT Application*

*WARRANT WAS NOW EXECUTED AT 10:50 P.M., WHICH, IRONICALLY IS THE NEW ARREST TIME OF DEFENDANT — ONLY TO COVER UP A 10.PM POLICE BEATING. THE PEOPLE, IN AVOIDING THE BEATING WITH THIS 10:50 PM ARREST HAS ALSO PUT THE WARRANT'S EXECUTION OUTSIDE THE REQUIRED 6AM — 9PM TIMEFRAME.*

confiscated: one (1) Hewlett Packard Officejet printer; two (2) computer towers, one containing eight (8) DVD drives and the other, two (2) DVD drives; numerous blank CDs and empty CD cases plus 28 cartons and 24 packs of untaxed cigarettes.

4.     On February 9, 2005, as a result of these events, the defendant was arrested and charged with, inter alia, Failure to Disclose the Origin of a Recording in the First Degree (P.L. § 275.40).

5.     On February 18, 2005, the defendant was indicted under number 1049/2005. The indictment charged the defendant with several charges including Trademark Counterfeiting in the Second Degree (P.L. § 165.72).

6.     On March 18, 2005, the indictment was filed with the Supreme Court clerk along with a statement of the People's readiness pursuant to C.P.L. § 30.30.

7.     On April 5, 2005, the defendant was arraigned on the indictment in Part 30. The People announced their readiness for trial on the record and, at the defendant's request, the Legal Aid Society was relieved from representing the defendant who was permitted to represent himself and attorney Spencer Leeds from the 18-B Panel was appointed by the court to be his legal advisor.

8.     Also on April 5, 2005, the defendant filed a *Pro Se* 190.50 Motion to dismiss the Indictment based upon a violation of the defendant's right to testify in the Grand Jury. The Court instructed the People to file their response by April 13, 2005 and the case was adjourned to April 20 for a decision on the defendant's motion.

9.     On April 20, 2005, the Court denied the defendant's motion to dismiss the indictment pursuant to C.P.L. § 190.50. That same day, the defendant served, upon the People, an omnibus motion in which, among other things, the defendant demanded discovery, including inspection of the grand jury minutes, and sought to suppress the

2