DtF

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 23 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PATRICK R. HARRISON, A/K/A
PETER THOMAS

          Plaintiff,

   -against-

CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT, et al; P.O. DAVID TERRELL
(77th Precinct); "ARRESTING OFFICER" (Red
Haired/77th Pct.); P.O. ROBERT L. SIMMS (77th
Precinct); P.O. SGT. FRANQUI (77th Precinct);
ADA MINERVA JOHN-STULL; ADA
VALERIE L. FORBES; DA CHARLES J. HYNES;
LEGAL AID SOCIETY, NICOLE M. MULL, Attorney;
SPENCER A. LEEDS, Esq.; SHERYL L. PARKER,
J.S.C.; ADA MARIA SCIORTINO; MR. GORFINKEL,
Attorney,

          Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-5850 (NG)

GERSHON, United States District Judge.

Plaintiff, Patrick Harrison, a prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging false arrest and malicious prosecution.[1] The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, but dismisses the complaint for the reasons set forth below.

## BACKGROUND

Plaintiff states that on February 9, 2005, he was arrested without probable cause in Brooklyn, New York. On February 18, 2005, plaintiff was indicted on several charges, including Trademark

---

[1] By Order dated November 18, 2005, this action was transferred to this Court from the United States District Court for the Southern District of New York.

1

Counterfeiting in the Second Degree. See Indictment No. 1049/2005. Plaintiff alleges that the defendants are conspiring to maliciously prosecute him and "the NYPD and DA's Office are involved in a cover-up which violated plaintiff's civil and constitutional rights leading to his unlawful imprisonment and malicious prosecution." Compl. at p. 7. Plaintiff seeks monetary damages and injunctive relief.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff is challenging his ongoing criminal proceedings in state court and therefore his complaint must be dismissed under Younger v. Harris, 401 U.S. 37 (1971). In Younger the Supreme Court ruled that principles of comity and federalism require federal courts to abstain from exercising jurisdiction when (1) there is an ongoing state criminal proceeding, (2) the federal claim raises important state interests, and (3) the state proceeding provides an adequate opportunity to raise the constitutional claims. Id.; accord Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir. 1999). Plaintiff's

complaint and the exhibits annexed to the complaint make clear that he was arrested in February 2005, and that his state criminal proceedings are ongoing and have not terminated.

Even if the court did not abstain, the claims against the remaining defendants would be dismissed. Plaintiff makes vague and conclusory allegations of a conspiracy between the defendants. To state a cause of action under 42 U.S.C. § 1985, a plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). Plaintiff must also show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." Id. (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993). A complaint containing "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" must be dismissed. Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999)(quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.), cert. denied, 464 U.S. 857 (1983); see Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990), cert. denied, 499 U.S. 937 (1991). Here, plaintiff does not allege facts that indicate a conspiracy between any of the defendants, much less overt acts in furtherance of a conspiracy.

Plaintiff's claims against District Attorney Charles Hynes and Assistant District Attorneys Minerva John-Stull, Valerie Forbes and Maria Sciortino are also dismissed because prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Doe

v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994). Here, plaintiff complains of the prosecutors' conduct in preparing search warrants, in the grand jury and in connection with obtaining indictments against plaintiff. These types of acts are all intimately associated with the judicial phase of the criminal process.

Likewise, plaintiff's claims against Judge Sheryl Parker are dismissed as judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994) (42 U.S.C. § 1983 does not affect the established common law rule that a judge is immune from suit arising out of the exercise of her judicial power). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quotation omitted). In addition, the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). Jones v. Newman, No. 98 Civ. 7460 (MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999). As the alleged wrongdoings of Judge Parker are acts performed in her judicial capacity, plaintiff's claims are foreclosed by absolute immunity.

Finally, plaintiff's claims against Legal Aid attorneys Nicole Mull and Mr. Gorfinkel, the Legal Aid Society and 18-B attorney Spencer Leeds are dismissed for lack of state action. A claim for relief under § 1983 must allege that the defendant acted under color of a state "statute, ordinance, regulation, custom, or usage ... " 42 U.S.C. § 1983. It is well-established that court-appointed

attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Torres v. Hynes, No. 97-CV-7717 (RR), 2000 WL 1052075, at *2 (E.D.N.Y. June 21, 2000); Tucker v. Kenney, 994 F.Supp. 412, 417 (E.D.N.Y. 1998). Likewise, the Legal Aid Society is a private institution and not a state actor liable to suit under § 1983. Schnabel v. Legal Aid Society of Orange Co., 232 F.3d 83 (2d Cir. 2000); Lefcourt v. Legal Aid Society, 445 F.2d 1150, 1157 (2d Cir. 1971).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is hereby dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 18, 2006

/s/
_____
NINA GERSHON
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PATRICK R. HARRISON, A/K/A
PETER THOMAS

              Plaintiff,

   -against-                                    **CIVIL JUDGMENT**
                                                            05-CV-5850 (NG)

CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT, et al; P.O. DAVID TERRELL
(77th Precinct); "ARRESTING OFFICER" (Red
Haired/77th Pct.); P.O. ROBERT L. SIMMS (77th
Precinct); P.O. SGT. FRANQUI (77th Precinct);
ADA MINERVA JOHN-STULL; ADA
VALERIE L. FORBES; DA CHARLES J. HYNES;
LEGAL AID SOCIETY, NICOLE M. MULL, Attorney;
SPENCER A. LEEDS, Esq.; SHERYL L. PARKER,
J.S.C.; ADA MARIA SCIORTINO; MR. GORFINKEL,
Attorney,

              Defendants.
-----------------------------------------------------------------x

     Pursuant to the order issued by the Court on _____, dismissing the complaint pursuant to 28 U.S.C. § 1915A, it is

**ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's order would not be taken in good faith.

Dated: Brooklyn, New York

                                                                       NINA GERSHON
                                                                       United States District Judge

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON_____.